IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In the Matter of:

Sarah Lee Martin,

(Chapter 7)

Debtor.

Case No. 13-10756

MEMORANDUM DECISION

The United States Department of Agriculture ("USDA") seeks relief from stay to set off a debt the Internal Revenue Service ("IRS") owes a Chapter 7 debtor for a tax refund against a debt the debtor owes it on a home loan guaranty. No one disputes that both are agencies for the United States and that they are considered a single entity for analysis of setoff. The IRS owes the debtor a tax refund for $5,601. The debtor owes the USDA $77,351.18 for a loan guaranteed by USDA on which the USDA paid a loss claim on August 9, 2010. The USDA seeks to setoff the $5,601 under 11 U.S.C. § 553.

The debtor argues that Chase Home Finance LLC waived any deficiency on the mortgage in a foreclosure proceeding in state court, and therefore the USDA as guarantor is precluded from collecting the deficiency. The foreclosure complaint stated that ". . . the plaintiff [Chase Home Finance LLC] hereby elects to proceed under Section 846.101 with a six month period of redemption, thereby waiving judgment for any deficiency against every party who is personally liable for the debt . . .." USDA Exhibit B.

As a general rule, a setoff is permitted under the Bankruptcy Code as to mutual debts which arose prior to the filing of the bankruptcy petition provided that the setoff would be

1

permitted under applicable non-bankruptcy law. *See In re Pleasant,* 320 B.R. 889, 892 (Bankr. N.D. Ill. 2004); *United States v. Munson,* 248 B.R. 343, 345 (C.D. Ill. 2000).

Section 553 provides,

> (a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—
>
> (1) the claim of such creditor against the debtor is disallowed;
>
> (2) such claim was transferred, by an entity other than the debtor, to such creditor—
>
> (A) after the commencement of the case; or
>
> (B) (i) after 90 days before the date of the filing of the petition; and (ii) while the debtor was insolvent (except for a setoff of a kind described in section 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 555, 556, 559, 560, or 561); or
>
> (3) the debt owed to the debtor by such creditor was incurred by such creditor--
>
> (A) after 90 days before the date of the filing of the petition;
>
> (B) while the debtor was insolvent . . .
>
> (C) for the purpose of obtaining a right of setoff against the debtor (except for a setoff of a kind described in section 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 555, 556, 559, 560, or 561).

11 U.S.C. § 553.

The debtor claims that the USDA does not have an enforceable claim against the debtor, and cites to the administrative decision in *In re Karen L. Whitmire, Docket #13-0103*. In *Whitmire*, the USDA was seeking reimbursement for paying a loss claim to Chase Home Finance, LLC, as guarantor of the petitioner's mortgage. The ALJ determined that because Chase had waived the deficiency in foreclosure proceedings, the USDA was not entitled to reimbursement from the petitioner and "would do well to reclaim its money [from Chase]."

The *Whitmire* decision tracks the approach of the Restatement Third of Suretyship and Guaranty. Section 39 provides that:

2

> [t]o the extent that the obligee releases the principal obligor from its duties pursuant to the underlying obligation:
>> (a) the principal obligor is also discharged from any corresponding duties of performance and reimbursement owed to the secondary obligor unless the terms of the release effect a preservation of the secondary obligor's recourse . . .

Restatement (Third) of Suretyship & Guaranty § 39 (1996). However, the decision does not cite the Restatement or any case law in seeming to apply a fairly common sense interpretation of the USDA's rights to subrogate. The decision seems to hold that a secondary obligor may have a claim against the obligee for recovery of payment only where preserved by the release document. But the USDA in our case does not seek recovery under a theory of subrogation. It seeks to enforce an independent indemnity contract signed by the debtor.

The provision in the Request for Single Family Guaranty Form specifically states: "The Agency's right to collect is independent of the lender's right to collect under the guaranteed note and will not be affected by any releases of my (our) obligation to repay the loan." Even if the provision does not clearly preserve USDA's subrogation right, the USDA may still have a contractual claim against the debtor. *United States v. Davis*, 961 F.2d 603 (7th Cir. 1992) held that a guarantor's indemnity right may be independent of its subrogation right. Similar to the USDA here, in *Davis*, the Department of Veterans' Affairs ("VA") operated a home loan guarantee program. Under the program, if a deficiency remained in the event of foreclosure and sale of the property, the VA reimbursed the private lender for its loss up to the amount of VA's guaranty. The court in *Davis* determined that the VA could not pursue reimbursement based on its right of subrogation because the VA would be stepping in the shoes of the lender who has waived its right to a deficiency judgment in the underling foreclosure action. *Id.* at 606. However, citing to *United States v. Shimer*, 367 U.S. 374 (1961), the Court of Appeals held that "the VA enjoys an 'independent right of indemnity.'" *Id.* at 608 (quoting *Shimer*). "The VA may

3

exercise its federal indemnity right to seek reimbursement from veterans for guaranty obligations which it was legally obligated to pay, and did pay, lenders." *Id.*

Nonetheless, the debtor argues that it would be inequitable to find her responsible for the deficiency. The debtor argues that based on the waiver of deficiency in the foreclosure complaint, she did not contest the entry of judgment, the sale process, the price obtained at the sale, or the costs assessed. An equity argument was also raised in *Davis*, where the debtor argued that government was "reaping the benefits of Wisconsin's expedited foreclosure law while disavowing its burdens – an option not available to lenders in Wisconsin." *Davis*, 961 F.2d at 610. The court rejected this argument and held that "[t]he VA is not a lender, it is a guarantor" and "[t]here is nothing inequitable in treating differently groups that are not similarly situated." *Id.*

Although the debtor here labels her argument as one of equity, she essentially claims that she was misled by the language in the foreclosure complaint. The ALJ in *Whitmire* was also "troubled by the language in the court documents from the mortgage foreclosure action," where Chase Home Finance, LLC waived any deficiencies. "[F]urther explanation was necessary to keep [the petitioner] from being misled." In this case, Chase also waived its rights to a deficiency judgment in the foreclosure action brought against the debtor. The complaint filed in circuit court stated that ". . . the plaintiff hereby elects to proceed under Section 846.101 with a six month period of redemption, thereby waiving judgment for any deficiency against every party who is personally liable for the debt . . . ." USDA Exhibit B.

15 U.S.C. § 1692(e) governs false or misleading representation. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). The Court of Appeals for the Seventh Circuit uses

4

the "unsophisticated consumer" standard in its analysis of § 1692(e). *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012). "The unsophisticated consumer may be 'uninformed, naïve, [and] trusting,' *Id.* (quoting *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003)), but is not a dimwit, has 'rudimentary knowledge about the financial world,' and is 'capable of making basic logical deductions and inferences.'" *Id.* (quoting *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)). "[W]e treat the question of whether an unsophisticated consumer would find certain debt collection language misleading as a question of fact." *Id.* (citing *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir. 1999)). The Court of Appeals determined that there are three categories of cases that impose different burdens on the plaintiffs. *Id.* (citing *Ruth v. Triumph P'ships*, 577 F.3d 790, 794 n. 2 (7th Cir. 2009)).

> The first category includes cases in which the allegedly offensive language is plainly and clearly not misleading. In cases of this nature, no extrinsic evidence is needed to show that the reasonable unsophisticated consumer would not be confused by the pertinent language. The second category of cases includes debt collection language that is not misleading or confusing on its face, but has the potential to be misleading to the unsophisticated consumer. If a case falls into this category, "we have held that plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." The final category includes cases involving letters that are plainly deceptive or misleading, and therefore do not require any extrinsic evidence in order for the plaintiff to be successful.

*Id.* (citing *Ruth*, 577 F.3d at 800-01).

This case likely belongs in the second category. The complaint is not misleading on its face because the plaintiff, Chase, is the only party "waiving judgment for any deficiency against every party who is personally liable for the debt." USDA Exhibit B. Unlike the amended complaint in *Whitmire*, the complaint here does not even mention the USDA. If the language is in fact misleading in any way to the unsophisticated consumer, the debtor had to demonstrate that unsophisticated consumers do in fact find the challenged statements misleading or deceptive.

5

The Court of Appeals for the Seventh Circuit requires that the plaintiff present extrinsic evidence, "such as consumer surveys," to prove that other unsophisticated consumers have been misled. No such evidence has been presented here. Thus, the debtor's argument that she had been misled is not supported by proof.

Upon the foregoing, which represents my findings of facts and conclusions of law, the government should be allowed relief from stay to effect a setoff under 11 U.S.C. § 553. It may be so ordered.

Dated: October 29, 2013

_____
ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE